# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20822
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff−Appellee,

versus

JOCELYN PYLES-ELO,

> Defendant−Appellant.

Appeal from the United States District Court
for the Southern District of Texas
No. 4:15-CR-85-2

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Jocelyn Pyles-Elo was indicted for conspiracy to commit health-care fraud and 14 counts of health-care fraud. She was acquitted of conspiracy and convicted on the 14 substantive counts and sentenced to 12 months and one day of imprisonment on each count, to be served concurrently; three years of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20822

supervised release on each count, to be served concurrently; and restitution of $560,718.62 and a special assessment of $1,400.

Pyles-Elo contends that because the jury acquitted her of conspiracy, it could not convict her of substantive health-care fraud as a matter of law, and the verdict was a logical impossibility. The verdict is not a bar to conviction on the substantive counts, however, because there is sufficient evidence to support the verdict on those counts. *See United States v. Thomas*, 690 F.3d 358, 374 (5th Cir. 2012).

Pyles-Elo posits that the evidence was insufficient to establish that she acted knowingly and willfully with the intent to defraud, because the jury acquitted her of conspiracy. She maintains that although she was the medical director of the Elite Clinic, she was not involved in the billing to Medicare and Medicaid ("M&M") and that she was acting in accordance with state law regarding physician supervision and delegation. Further, she contends that her case is identical to *United States v. Rufai*, 732 F.3d 1175 (10th Cir. 2013), in which she theorizes that the court overturned the convictions on sufficiency grounds because the conspiracy offense and the substantive health-care-fraud offenses were based on the same scheme.

The reliance on *Rufai* is misplaced. This case is distinguishable, given that the Tenth Circuit found that the government had not presented sufficient evidence to establish one of the essential elements. *Id.* at 1195. Further, the Tenth Circuit's decision is not binding precedent in this circuit. *See Orellana-Monson v. Holder*, 685 F.3d 511, 520 (5th Cir. 2012).

Viewing the evidence and all reasonable inferences in the light most favorable to the government, any rational trier of fact could have found Pyles-Elo guilty of the 14 health-care-fraud offenses beyond a reasonable doubt. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 303 (5th Cir. 2014). The prosecution presented evidence that Pyles-Elo obtained a provider number

from M&M and submitted a reassignment-of-benefits form that allowed Elite Clinic to submit and receive payment for claims submitted under her provider number. Pyles-Elo did not see patients at the clinic and did not supervise an unlicensed foreign medical graduate, Efe Akpoigbe ("Efe"). Pyles-Elo signed off on patient-progress notes concerning examinations performed by Efe, Lawrence Palmer, a licensed physician assistant, and an unlicensed physical therapist.

Efe and Veronica Spicer, the owner of the clinic, testified that Pyles-Elo signed all of Efe's patient notes and that Efe was prohibited from signing them because he was an unlicensed foreign medical graduate. Efe also testified that Pyles-Elo signed patient notes concerning physical therapy, but he never saw Pyles-Elo provide physical therapy. Pyles-Elo knew that Elite would submit claims to M&M, under her provider number, for the examinations of the specific patients listed in the 14 counts; that she did not perform any of the services that were the subject of the 14 counts; and that she also knew that her actions would cause M&M to pay the fraudulent claims to Elite.

Representatives of M&M testified that Pyles-Elo's conduct was prohibited, that Medicare would not have paid claims for services performed by an unlicensed foreign medical graduate, and that M&M would not have paid the claims if they had known that the services were not performed by Pyles-Elo. The government was not required to establish that Pyles-Elo actually submitted the fraudulent documentation to Medicare or Medicaid. *See United States v. Umawa Oke Imo,* 739 F.3d 226, 235 (5th Cir. 2014).

Viewing this evidence in the light most favorable to the government, a rational jury could have found beyond a reasonable doubt that Pyles-Elo knowingly and willfully executed a scheme to defraud M&M or that she knowingly and willfully executed a scheme to obtain, by means of fraudulent pretenses, money under the control of M&M. *See id.* at 235–36. Viewing this evidence in

No. 16-20822

the light most favorable to the government, a rational jury also could have found that Pyles-Elo aided and abetted the 14 health-care-fraud offenses because she associated with Spicer and the Elite Clinic, she purposefully participated in the health-care fraud by obtaining M&M provider numbers and allowing Elite to submit claims using her provider numbers, and she sought by her actions for Elite to succeed in submitting the fraudulent health-care claims to M&M. *See United States v. Pando Franco*, 503 F.3d 389, 394 (5th Cir. 2007).

AFFIRMED.